UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC RICHARD ELESON, | No. 2:14-cv-02019 KJM DAD P |
| Petitioner, | |
| v. | ORDER |
| SCOTT TIPPEN, Post Master, et al., | |
| Respondents. | |

Petitioner, a state prisoner proceeding pro se, has filed a "Verified Petition for Writ in Nature of Mandamus," together with a "short form" application to proceed in forma pauperis. Upon its opening this action was provisionally designated by the Clerk of Court as a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. This proceeding was referred to this court by Local Rule 302, pursuant to 28 U.S.C. § 636(b)(1).

Petitioner's "Verified Petition" is difficult to decipher. Therein petitioner asserts that the court has jurisdiction over this action under the "Mandamus Act," 28 U.S.C. § 1651, and the general provisions authorizing federal judicial review under 5 U.S.C. §§ 702-705. In addition, petitioner relies on the Freedom of Information Act (FOIA), 5 U.S.C. § 552, in seeking a court order compelling the United States Post Office to produce records explaining the employment status of an identified postal worker (not named as a respondent or defendant herein) who petitioner alleges was responsible for failing to process petitioner's mail. Because the precise

1

nature of this action is unclear and the in forma pauperis application is incomplete, petitioner will be granted leave to file a new and properly completed application to proceed in forma pauperis, and a new pleading that establishes the original jurisdiction of this court over the matters plaintiff challenges herein.

Petitioner is informed that the Mandamus[1] (All Writs) Act does not confer original jurisdiction on federal courts but may be invoked only to aid already existing jurisdiction. See 28 U.S.C. § 1651(a) ("The Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law."); Lights of America, Inc. v. U.S. Dist. Court for Cent. Dist. of Cal., 130 F.3d 1369, 1370 (9th Cir. 1997) ("courts must possess an independent source of jurisdiction before entertaining a request for a writ of mandamus"). Similarly, 5 U.S.C. §§702-705 identifies the contours for federal judicial review without conferring original jurisdiction. In the event that jurisdiction is independently and properly pled, "injunctive relief under the All Writs Act is to be used sparingly and only in the most critical and exigent circumstances. Such an injunction is appropriate only if the legal rights at issue are indisputably clear." Brown v. Gilmore, 533 U.S. 1301 (2001) (citations and internal quotation marks omitted.)

Federal courts do have original jurisdiction under FOIA "to enjoin the [challenged] agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant" upon a proper complaint filed pursuant to the statute. 5 U.S.C. § 552(a)(4)(B). "FOIA gives individuals a judicially-enforceable right of access to government agency documents." Lion Raisins Inc. v. U.S. Dep't of Agric., 354 F.3d 1072, 1079 (9th Cir. 2004) (citing 5 U.S.C. § 552). If a FOIA request reasonably describes the documents sought and complies with published rules as to time, place, fees, and procedures, the agency "shall make the records promptly available" to the person who requested them. 5 U.S.C. § 552(a)(3)(A). In the interests of full agency disclosure, FOIA's disclosure requirements are to be

---

[1] Rule 81(b) of the Federal Rules of Civil Procedure abolished writs of mandamus and provides that "[r]elief heretofore available by mandamus . . . may be obtained by appropriate action or by appropriate motion under the practice prescribed in these rules."

1 interpreted broadly. John Doe Agency v. John Doe Corp., 493 U.S. 146, 152 (1989); Lion
2 Raisins, 354 F.3d at 1079.  In order to prevent the disclosure of sensitive government documents,
3 FOIA lists nine statutory exemptions. 354 F.3d at 1079 (citing 5 U.S.C. § 552(b)(1)-(9)).  Those
4 statutory exemptions are to be narrowly construed.  Id. (citing John Doe Agency, 493 U.S. at
5 152). The burden is on the agency to sustain its decision to withhold documents pursuant to an
6 enumerated exemption.  Id. (citing 5 U.S.C. § 552(a)(4)(B)).

7      In the present case, it is not clear from his petition that petitioner seeks to invoke the
8 original jurisdiction of this court under FOIA.  If, however, petitioner is attempting to pursue an
9 actual FOIA claim, he must clearly articulate a cognizable FOIA claim in a new and clearly pled
10 complaint.  In any FOIA complaint petitioner elects to file he shall not assert original jurisdiction
11 over his action by this court under 28 U.S.C. § 1651(a) or 5 U.S.C. §§702-705.  On the other
12 hand, if petitioner is pursuing a writ of habeas corpus or is attempting to bring a civil rights action
13 of some kind, he must so indicate in any petition or complaint he elects to file.  Petitioner will be
14 accorded an opportunity to file the appropriate pleading.

15      Finally, the application to proceed in forma pauperis submitted by petitioner is shorter
16 than that used in this court and does not include the certificate portion that must be completed by
17 an official at petitioner's place of incarceration.  Therefore, petitioner will be provided with the
18 appropriate form for seeking in forma pauperis status in this court, and the opportunity to submit
19 the completed form together with a completed certificate and new copy of petitioner's prison trust
20 account statement for the preceding six months.

21      In accordance with the above, IT IS HEREBY ORDERED that:

22      1. Petitioner's "Verified Petition" (ECF No. 1) is dismissed with leave to file an amended
23 pleading.

24      2. Petitioner's motion application to proceed in forma pauperis (ECF No. 2) is denied
25 without prejudice.

26      3. The Clerk of Court is directed to send petitioner, together with a copy of this order, the
27 following blank forms:  (1) an application to proceed in forma pauperis used by prisoners in this
28 /////

district; (2) a civil complaint (for nonprisoners); (3) a prisoner civil rights complaint under 42 U.S.C. § 1983; and (4) a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

4. Petitioner shall, within thirty days from the date of this order, file a new and fully completed application to proceed in forma pauperis, and a new pleading that clearly demonstrates this court's original jurisdiction and states a potentially cognizable claim for relief.

5. Failure of petitioner to timely comply with this order will result in a recommendation that this action be dismissed.

Dated:  December 8, 2014

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:4
eles2019.misc.scrn.