UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC RICHARD ELESON, | No. 2:14-cv-2019 KJM AC P (TEMP) |
| Plaintiff, | |
| v. | ORDER AND |
| SCOTT TIPPEN, et al. | FINDINGS & RECOMMENDATIONS |
| Defendants. | |

Plaintiff is a state prisoner proceeding pro se with an action under the Freedom of Information Act (FOIA), 5 U.S.C. §§ 552, et seq., against the United States Postal Service (USPS). He also seeks leave to proceed in forma pauperis. This case was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). Plaintiff is currently without funds. Accordingly, the court will not assess an initial partial filing fee. 28 U.S.C. § 1915(b)(1). Plaintiff is obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments shall be collected and forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in

1

full.  28 U.S.C. § 1915(b)(2).

The court is required to screen complaints brought by prisoners who seek relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

In considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, Erickson v. Pardus, 551 U.S. 89, 94 (2007), and construe the complaint in the light most favorable to the plaintiff.  See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).  Pro se pleadings are held to a less stringent standard than those drafted by lawyers.  See Haines v. Kerner, 404 U.S. 519, 520 (1972).  Still, to survive dismissal for failure to state a claim, a pro se complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007).  In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  Furthermore, a claim upon which the court can grant relief must have facial plausibility.  Twombly, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 556 U.S. at 678.  Attachments to a complaint are considered part of the complaint for purposes of a motion to dismiss for failure to state a claim.  Hal Roach Studios v. Richard Feiner & Co., 896 F.2d 1542, 1555 n.19 (9th Cir.1990).

A FOIA plaintiff may bring his action against any federal agency that is subject to the Act. "Agency" includes "any executive department … or other establishment in the Executive Branch of the Government … or any independent regulatory agency." 5 U.S.C. § 552(f)(1). "If an improper party defendant is named, the court may dismiss the action against those defendants, as is typically done when state agencies or individuals, who are not covered by FOIA, are sued[.]" Jean-Pierre v. Federal Bureau of Prisons, 880 F.Supp.2d 95, 100 (D.D.C.2012). Plaintiff has named two individual defendants and the U.S. Postal Service. The USPS is subject to the requirements of FOIA; the individual defendants are not. See Piper & Marbury, L.L.P. v. U.S. Postal Service, No. CIV.A. 99-2383 (JMF/CKK), 2001 WL 214217 at * 3 (D.D.C. March 6, 2001) (stating "Congress …insisted that the Postal Service remain as subject to FOIA as all other government agencies") (citing 39 U.S.C. § 410(b)(1)).

Having conducted the screening analysis required by 28 U.S.C. § 1915A, the court finds that the complaint sufficiently states a claim under FOIA against the USPS. Upon plaintiff's completion and submission of the service documents enclosed with this order, the court will order the complaint served on defendant.

Plaintiff has also filed a motion for summary judgment and a motion that the U.S. Marshal serve his complaint. Both motions are premature. Plaintiff must submit completed service documents before the court will order the U.S. Marshal to serve the USPS.[1] The motion for summary judgment should be dismissed without prejudice to its renewal at the appropriate stage of these proceedings.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis (Doc. No. 10) is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. The fee shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

---

[1] The court will order the U.S. Marshal to serve the USPS as soon as it receives the completed service documents from plaintiff. He need not (and should not) file another motion asking the court to order service of the complaint.

1    3. Service is appropriate for defendant United States Postal Service.

2    4. The Clerk of the Court shall send plaintiff one USM-285 forms, one summons, an instruction sheet and a copy of the complaint filed January 12, 2015.

5. Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Submission of Documents and submit the following documents to the court:

    a. The completed Notice of Submission of Documents;

    b. One completed summons;

    c. One completed USM-285 form for each defendant listed in number 3 above; and

    d. Two copies of the endorsed complaint filed January 12, 2015.

6. Plaintiff need not attempt service on defendants and need not request waiver of service. Upon receipt of the above-described documents, the court will direct the United States Marshal to serve the above-named defendants pursuant to Federal Rule of Civil Procedure 4 without payment of costs.

7. The motion for service (ECF No. 13) is denied.

IT IS HEREBY RECOMMENDED that the motion for summary judgment (ECF No. 12) be dismissed without prejudice to its renewal at the appropriate stage of these proceedings.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be served and filed within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED:  January 15, 2016

_allison claire_
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE