UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC RICHARD ELESON,<br><br>    Plaintiff,<br><br>    v.<br><br>SCOTT TIPPEN, et al.,<br><br>    Defendants. | No. 2:14-cv-2019 KJM DB P<br><br><br>ORDER |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this action brought pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, against defendant United States Postal Service ("USPS"). Pending before the court is plaintiff's motion to compel, which defendant opposes.

**I.    Relevant Background**

    **A.    Plaintiff's FOIA Requests**

        **1.    The First Request**

On June 21, 2013, plaintiff sent an FOIA request to the "Postmaster" in Ione, California asking for the following information:

> Please provide me with a list of items of Documentation/Authorization necessary for a State Employee to become a "Letter Carrier" (identified in 18 USC §1702/1703) to be able to bring U.S. Mail from MULE CREEK STATE PRISON to the IONE, CA U.S.P.S. OFFICE, and pick up U.S. Mail from the

1

> IONE, CA U.S.P.S. OFFICE and take it to MULE CREEK STATE PRISON for distribution to Inmates and the Institution/Administration (e.g. background check, bonding, driving license, Postmaster approval, etc.)
>
> Secondly, would this "Person" be required to Carry this "Letter Carrier Card" on their person while performing the duties cited above?
>
> Thirdly, would this "person," while performing those duties, be subject to the penalties describe3d in 18 USC §1702/1703?
>
> Lastly, if you were presented with a Sworn Affidavit and evidence that a person committed a violation of said Statute, would you be required to initiate and [sic] investigation? Resulting in Arrest & Prosecution?

Compl. Ex. 1.

On July 26, 2013, counsel for the USPS, Deborah Winslow-Portillo, responded to plaintiff's request by directing him to the USPS website for publicly available information under the "Careers" link. Compl. Ex. 2. In an attempt to search "for the more specific information regarding the qualifications required of a carrier who delivers to MULE STREET [sic] STATE PRISON or to any prison, based on your description of records sought, a search was conducted in the Postal Service manuals. Despite this diligent search, we were unable to locate responsive documents." Id. The USPS then denied Request Nos. 2-4 on the ground that "these are not requests for records maintained by the Postal Service…." Id.

### 2. Plaintiff's Second FOIA Request

On December 30, 2013, plaintiff sent a second FOIA request asking for the following:

> 1. Pursuant to Federal Crop Insurance v. Merrill, et al., 332 US 380, 384: 84 L.Ed. 10; 68 S. Ct. 1 (1974), DEMAND is hereby made for a copy of your "License to Practice Law" with your signed Oath of Office endorsed on the reverse thereof [B. & P Code §6067], and a copy of the "Certificate of Admission" (to practice Law in CA) [B. & P Code §6064].
>
> 2. A copy of any documents in your possession, under your control, or within your system of records, signed by MR. RAY GARCIA (or any STATE OF CALIFORNIA employee) that would be required to be carried on his person while performing the duties of an "Authorized Letter Carrier," as cited in 18 USC §1702 & §1703.
>
> 3. A copy of any documents in your possession, under your control, or within your system of Records, signed by MR. RAY GARCIA, (or any STATE OF CALIFORNIA EMPLOYEE) that said person

2

> voluntarily signed to be subject to 18 USC §1702 & §1703; or was authorized to be a "Letter Carrier."
>
> 4. A copy of any MEMORANDUM or ORDER initiating or relating to an Investigation pursuant to the Facts stated in Requester's Sworn Affidavit (B.49(m)) provided to Respondent with Requester's F.O.I.A. Request of June 21, 2013, regarding the Postmaster, IONE, CA.

Compl. Ex. 3.

### B. Procedural Background

Plaintiff initiated this action on August 29, 2014. Following the filing of defendant's Answer, a Discovery and Scheduling Order ("DSO") issued setting the discovery deadline for October 14, 2016, and the dispositive motion deadline for January 6, 2017. (ECF No. 29.)

On July 13, 2016, plaintiff served on the USPS his First Set of Admissions and Denials ("RFA") and Request for the Production of Documents ("RPD"). See Pl.'s Mot. Compel Ex. 1. Defendant objected to these requests on August 26, 2016, on a number of grounds, including that they were premature and irrelevant. Id. Ex. 2. Plaintiff attempted to address defendant's arguments informally via letter dated September 7, 2016, but the parties were unable to resolve their dispute. The instant motion to compel was then filed on October 28, 2016.

## II. Legal Standards

Federal Rule of Civil Procedure 26(b)(1) sets forth the following standard pertaining to relevance:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Limitations to discovery are set forth in Federal Rule of Civil Procedure 26(b)(2)(C), which provides:

> On motion or on its own, the court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that:

3

> (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;
>
> (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or
>
> (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1).

Under Rule 37 of the Federal Rules of Civil Procedure, "a party seeking discovery may move for an order compelling an answer, designation, production, or inspection." Fed. R. Civ. P. 37(a)(3) (B). The court may order a party to provide further responses to an "evasive or incomplete disclosure, answer, or response." Fed. R. Civ. P. 37(a)(4). "District courts have 'broad discretion to manage discovery and to control the course of litigation under Federal Rule of Civil Procedure 16.'" Hunt v. County of Orange, 672 F.3d 606, 616 (9th Cir. 2012) (quoting Avila v. Willits Envtl. Remediation Trust, 633 F.3d 828, 833 (9th Cir. 2011)). Generally, if the responding party objects to a discovery request, the party moving to compel bears the burden of demonstrating why the objections are not justified. E.g., Grabek v. Dickinson, 2012 WL 113799, at *1 (E.D. Cal. Jan. 13, 2012); Ellis v. Cambra, 2008 WL 860523, at *4 (E.D. Cal. Mar. 27, 2008). This requires the moving party to inform the court which discovery requests are the subject of the motion to compel, and, for each disputed response, why the information sought is relevant and why the responding party's objections are not meritorious. Grabek, 2012 WL 113799, at *1; Womack v. Virga, 2011 WL 6703958, at *3 (E.D. Cal. Dec. 21, 2011).

The court is vested with broad discretion to manage discovery and notwithstanding these procedures, plaintiff is entitled to leniency as a pro se litigant; therefore, to the extent possible, the court endeavors to resolve plaintiff's motion to compel on its merits. Hunt, 672 F.3d at 616; Surfvivor Media, Inc. v. Survivor Productions, 406 F.3d 625, 635 (9th Cir. 2005); Hallett v. Morgan, 296 F.3d 732, 751 (9th Cir. 2002).

### III. Discussion

This action proceeds against the USPS on plaintiff's sole claim that defendant failed to properly respond to two FOIA requests. In FOIA cases such as this, "[c]ourts routinely delay discovery until after summary judgment …" Lane v. Dep't of Interior, 523 F.3d 1128, 1134-35

(9th Cir. 2008). Since the USPS's summary judgment motion has not yet been resolved, plaintiff's motion to compel is indeed premature. Thus, defendant's objection on this ground is sustained.

In addition, plaintiff has not demonstrated how his discovery requests, some of which are reproduced here, are relevant in this FOIA action where the only question before the court is the adequacy of defendant's response to plaintiff's aforementioned requests:

- Admit or deny "[t]hat MULE CREEK STATE PRISON has signed Contractual Agreements regarding the U.S.P.S. Box No(s): 409099, 409000, 409020, 409040, 409060, & 409089, and possibly others are IONE, CA U.S.P.S.'s Office," RFA No. 3;
- Admit or deny that "[a] letter weighing 24 Ounces, with the proper "First-Class" Postage affixed, deposited in a U.S. Mail Recepticle [sic] or Depository, IS a First-Class Letter," RFA No. 6;
- Admit or deny "[t] hat any document placed in a 2 Day Priority Mail Flat Rate Envelope, with the proper amount of Postage affixed IS a First-Class Letter," RFA No. 7;
- Admit or deny "[t] hat in 2102 [sic], 18 U.S.C. §§ 1701, 1702, and 1703 were in force and effect," RFA No. 10; and (e) Admit or deny "[t] hat the district court of the United States is not a viable Court for this action, RFA No. 16
- "A copy of the Rule, Regulation, or Federal Statute promulgated by U.S.P.S. defining (or explaining the definition of) First-Class Mail (with the inclusion of any "subset "Priority Mail") and its MAXIMUM weight limits," RPD No. 2; and
- "A copy of any Rule, Regulation, or Federal Statute promulgated by the U.S.P.S. regarding or describing the process or requirement for U.S. Mail deliveries and pick-ups between the U.S.P.S.'s Office and a State or Federal Prison," RPD No. 5.

Defendant's objection on relevance grounds is also sustained.

Lastly, the undersigned notes that plaintiff's motion was signed on October 24, 2016, ten days after the close of discovery. The DSO specifically informed the parties that "[a]ny motions

5

necessary to compel discovery shall be filed by" the discovery deadline. DSO at 5 ¶ 6. Plaintiff's motion is therefore untimely.

For these reasons, plaintiff's motion to compel will be denied, as will his related request for sanctions.

**IV.     Conclusion**

Based on the foregoing, IT IS HEREBY ORDERED that plaintiff's motion to compel (ECF No. 33) is DENIED.

Dated: May 17, 2017

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

/DLB7;
DB/Inbox/Substantive/eles2019.mtc